# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH KANEM WHITE, III,

                Petitioner,                 Case Number: 06-10187

v.                                           HON. DENISE PAGE HOOD

ANDREW JACKSON,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Joseph Kanem White, III, a state inmate currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2002 convictions on two counts of criminal sexual conduct. For the reasons set forth below, the Court denies the petition.

**I.**     **Background**

Petitioner pleaded guilty in Kalamazoo County Circuit Court to two counts of first-degree criminal sexual conduct, in two separate file numbers, pursuant to a plea agreement. In the first case, file number A02-0828, Petitioner pleaded guilty to the sexual assault of Angela Cupp on January 21, 2002. He also admitted that this assault occurred during the course of another criminal act, unarmed robbery. In the second case, file number A02-0796, Petitioner pleaded guilty to the sexual assault of Karen Sanders on October 3, 2001. As part of the plea agreement, the prosecutor agreed to dismiss all of the remaining charges, which included charges of unarmed robbery and assault with intent to commit sexual penetration in A02-0828, an unarmed robbery charge in A02-0796, and assault with intent to commit sexual penetration in

another case, A02-0816. The prosecutor also agreed that he would not ask the court to exceed the sentencing guidelines. Petitioner was sentenced on June 10, 2002, to fifteen to thirty years imprisonment on one count and eighteen to forty years imprisonment on the other count, to be served concurrently.

Petitioner filed a motion to withdraw guilty plea. The trial court denied the motion on November 18, 2002.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, presenting the following claims:

> I. Defendant's plea must be withdrawn because it was not voluntary or understandingly made, due to the ineffective assistance of counsel.
>
> II. Defendant must be resentenced where the trial court erroneously scored 50 points for OV-7, for sadism, on file #02-828-FC.

The Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented." People v. White, No. 246272 (Mich. Ct. App. March 3, 2003).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, and presented the same claims raised before the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. White, No. 123516 (Mich. July 28, 2003).

Petitioner then filed a motion for relief from judgment in the trial court, presenting the following claims:

> I. Petitioner was deprived of his Sixth and Fourteenth Amendment rights to receive the effective assistance of counsel on direct appeal and ineffective assistance of appellate counsel provides "good cause" to excuse the procedural default, where appellate counsel moved to withdraw Petitioner's guilty pleas as they were not voluntarily and understandingly made, due to ineffective assistance of counsel, but appellate counsel "omitted essential facts and grounds" necessary to withdraw them based upon readily available documents on direct appeal; thus, the Court must

>    address the merits of [Petitioner's] arguments II(A), (B), (C), establishing "actual prejudice" therein.
>
> II-A. Petitioner was deprived of his Fifth, Sixth, and Fourteenth Amendment rights to receive the effective assistance of counsel during critical stages, where defense counsel misrepresented material facts, withheld information and exerted pressure on [Petitioner] to induce his guilty pleas for first-degree criminal sexual conduct under "a promise of leniency that the prosecutor would dismiss the most serious charge against him," but the promise of leniency was the product of fraud, duress or coercion in order to conceal counsel's unpreparedness for trial, because only the lowest possible charge was dismissed and [Petitioner] would have insisted on going to trial had he known the relevant circumstances or possible defenses to the charges offenses causing "actual prejudice;" thus, [Petitioner] must be allowed to withdraw his guilty pleas as they were not intelligently or voluntarily made and afforded a new trial, due to the ineffective assistance of counsel otherwise a fundamental miscarriage of justice will result.
>
> II-B. Petitioner must be allowed to withdraw his guilty pleas based upon ineffective assistance of counsel combined with the existence of meritorious defenses regardless of guilt or innocence, where Petitioner could not make an intelligent or informed choice to plead guilty among the alternative courses of action open to him, because defense counsel concealed or waived Petitioner's meritorious defenses without his knowledge and allowed the Court to use inadmissible evidence against him during sentencing causing actual prejudice.
>
> III-C. Petitioner is entitled to specific performance of his plea-agreement or he must be allowed to withdraw his guilty pleas based upon ineffective assistance of counsel, where defense counsel failed to object to Prosecutor McLaughlin's unfulfilled promises of leniency which promises induced Petitioner's guilty pleas nor advised him to withdraw the involuntary pleas and failed to object to the Court scoring an unrequested (50) points for OV-7 in Docket No: 02-0828, which denied Petitioner due process of law and increased his sentences causing actual prejudice.

On July 28, 2004, the Circuit Court issued an order denying Petitioner's motion for relief from judgment. People v. White, Nos. A02-0796 & A02-0928 (Kalamazoo County Circuit Court July 28, 2004). On August 25, 2004, the Circuit Court denied Petitioner's motion for reconsideration. People v. White, Nos. A02-0796 & A02-0928 (Kalamazoo County Circuit Court Aug. 25, 2004).

Petitioner filed applications for leave to appeal the denial of his motion for relief from

judgment in the Michigan Court of Appeals and Michigan Supreme Court.  Both state appellate courts denied leave to appeal.  People v. White, No. 258638 (Mich. Ct. App. Feb. 23, 2005); People v. White, No. 128213 (Mich. Oct. 31, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

> I. Petitioner was deprived of his Sixth Amendment right to receive effective assistance of appellate counsel on direct appeal where appellate counsel moved to withdraw the guilty pleas, but failed to produce essential facts to support his claim without available documents depriving Petitioner of his Sixth and Fourteenth Amendment rights.
>
> II. Petitioner was deprived of his Fifth, Sixth, and Fourteenth Amendment rights to receive the effective assistance of counsel during a critical stage of the proceedings, where defense counsel misrepresented material facts, withheld information and exerted pressure on Petitioner to induce him to plead guilty to two counts of criminal sexual conduct, first degree under a promise of lenience that the prosecution would dismiss the most serious charge against him, which had Petitioner known the relevant defenses he would have insisted on going to trial.
>
> III. Petitioner should be allowed to withdraw his guilty plea because it is rendered on ineffective assistance of counsel where Petitioner could not make an informed intelligent choice to plead guilty among alternative courses of action opened to him which violated his Sixth Amendment right to have effective assistance of counsel and deprived him of fundamental due process of law.
>
> IV. Petitioner is entitled to the specific performance of his guilty [pleas], or be allowed to withdraw his pleas based upon ineffective assistance of counsel where counsel failed to object to the prosecutor's unfulfilled promises of leniency, nor advised him to withdraw the pleas when the recalculated fifty points which denied Petitioner of fundamental due process by increasing the punishment causing actual prejudice.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), applies to all habeas petitions filed after the effective date of the act,

April 24, 1996. Because Petitioner's application was filed after April 24, 1996, the provisions of the AEDPA, including the amended standard of review, apply to this case.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

### III. Discussion

#### A. Alleged Ineffective Assistance of Counsel

##### 1. Procedural Default

Petitioner argues that his plea was involuntary and unknowing because he received ineffective assistance of trial and appellate counsel. Specifically, Petitioner argues that trial

counsel was ineffective in: (i) failing to file pretrial motions; (ii) waiving the preliminary examination; (iii) failing to investigate potential defenses; (iv) incorrectly advising him that if he pleaded guilty, the "most serious charge" would be dismissed; and (v) failing to object to the prosecutor's unfulfilled promise of leniency.

Respondent argues that all of Petitioner's ineffective assistance of counsel claims, except the fourth claim, are procedurally defaulted. The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, Coleman, 501 U.S. at 752, if he fails to present an issue to a state appellate court at his only opportunity to do so, Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. United States v. Frady, 456 U.S. 152, 167-69 (1982); Simpson v. Sparkman, 94 F.3d 199, 202 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." Rust, 17 F.3d at 162; *see* Murray v. Carrier, 477 U.S. 478, 496 (1986); Dretke v. Haley, 541 U.S. 386, 393 (2004).

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. Williams v. Coyle, 260 F.3d 684, 693 (6th Cir. 2001), *cert. denied*,

536 U.S. 947 (2002); *see also* Warner v. United States, 975 F.2d 1207, 1213-14 (6th Cir. 1992). Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. Coleman, 501 U.S. at 729-30. "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground[] only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." Simpson, 94 F.3d at 202. Whether the independent state ground is adequate to support the judgment is itself a federal question. Lee v. Kemna, 534 U.S. 362, 375 (2002).

If the last state court from which the petitioner sought review affirmed the conviction both on the merits and, alternatively, on a procedural ground, the procedural default bar is invoked and the petitioner must establish cause and prejudice in order for the federal court to review the petition. Rust, 17 F.3d at 161. If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Respondent argues that Petitioner's first, second, third, and fifth habeas claims were presented for the first time on collateral review in state court and, therefore, are procedurally defaulted. The Michigan Supreme Court denied leave to appeal on the ground that Petitioner "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." White, slip op. at 1. Respondent argues that the Michigan Supreme Court's reliance on M.C.R. 6.508(D) establishes procedural default.

M.C.R. 6.508(D) applies to motions for relief from judgment, and states, in relevant part:

(D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

(1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300;

(2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision;

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief
. . .

M.C.R. 6.508(D).

"Although 6.508(D)(1), (2), and (3) list specific procedural grounds for denying a defendant relief from judgment, these procedural grounds are not the exclusive grounds for which a court may deny relief pursuant to M.C.R. 6.508(D)." Abela v. Martin, 380 F.3d 915, 922 (6th Cir. 2004). Where the Michigan Supreme Court references only M.C.R. 6.508(D) generally as a basis for denying leave to appeal, that reference, without more, is insufficient to establish that the court denied leave to appeal based upon a procedural ground. Id. However, where other "clarifying indicators" clearly demonstrate the state court's intention to invoke an "independent and adequate state procedural rule" by its general reference to 6.508(D), a federal court may determine that federal habeas review is barred. Id. at 923-924. Other "clarifying indicators" include where state courts below the supreme court specifically invoke a procedural

bar. Id. In this case, the trial court denied Petitioner's first, second, third and fifth claims by specifically invoked Mich. Ct. R. 6.508(D)(3). Mich. Ct. R. 6.508(D)(3) is a firmly established and regularly followed state ground precluding subsequent federal habeas review absent a showing of cause and prejudice. Luberda v. Trippett, 211 F.3d 1004, 1007 (6th Cir. 2000), *citing* Rogers v. Howes, 144 F.3d 990 (6th Cir. 1998). The Court finds that the Michigan Supreme Court's reliance on M.C.R. 6.508(D) is sufficient to establish procedural default with respect to these claims.

In his first claim for habeas corpus relief, Petitioner asserts ineffective assistance of appellate counsel as cause to excuse his procedural default. The Supreme Court has held that "cause" under the cause and prejudice standard must be "something *external* to the petitioner, something that cannot be fairly attributed to him." Coleman, 501 U.S. at 753. The Court further held that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error' . . . . Attorney error that constitutes ineffective assistance of counsel is cause, however." Id. at 753-54 (internal citations omitted).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Strickland, 466 U.S.

10

at 688; additional internal quotations omitted). However, when assessing counsel's performance, the reviewing court should afford counsel great deference. Strickland, 466 U.S. at 689 (observing that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time" and that a convicted person who seeks to criticize his attorney's performance "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'").

Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." Id.

The two-part Strickland test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). In the context of guilty pleas, the first half of the Strickland v. Washington test is the same standard set forth above. Id. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Id.

The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 754 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on

> appointed counsel a duty to raise every "colorable" claim suggested by a client
> would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in
> the Constitution or our interpretation of that document requires such a standard.

Id. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990).

First, Petitioner argues that appellate counsel should have argued on appeal that trial counsel was ineffective in failing to file pretrial motions to suppress his confession, to suppress evidence obtained as the result of an alleged unlawful arrest, and to suppress in-court identification of him as the product of an improperly suggestive lineup. Petitioner argues that these motions should have been filed, but provides no argument which would lead the Court to conclude that such motions would have been successful. Several times, Petitioner asserts that the State would not have had sufficient evidence to convict him if his confession, the unlawful identification, and tainted identification had been suppressed. If all of these had been suppressed, Petitioner may not have pleaded guilty; however, Petitioner's conclusory allegation is insufficient to establish prejudice. See, e.g., Workman v. Bell, 160 F.3d 276, 287 (6 Cir.1998) (conclusory allegations of ineffective assistance of counsel do not warrant habeas relief); Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir.1991) (bald assertions do not provide a sufficient basis for an evidentiary hearing in habeas proceedings).

Second, Petitioner argues that his appellate attorney was ineffective failing to argue that trial counsel was ineffective in waiving his preliminary examination in the case involving Angela Cupp. However, Petitioner fails to allege any way in which waiver of the preliminary examination caused him to plead guilty when he otherwise would not have.

Third, Petitioner argues that his trial attorney was ineffective in failing to investigate

potential defenses and that his appellate attorney was ineffective in failing to raise this issue on direct appeal. Petitioner provides no specific support for his claim that information helpful to the defense existed but that his counsel failed to uncover it. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. <u>Workman</u>, 160 F. 3d at 287; <u>Zettlemoyer</u>, 923 F. 2d at 301. Trial counsel was not ineffective in this regard and appellate counsel was not ineffective in failing to raise a meritless issue.

Finally, Petitioner claims that appellate counsel should have raised a claim that trial counsel erred in failing to object to the prosecutor's unfulfilled promise of leniency. Petitioner argues that his attorney's statement that the most serious charge would be dismissed should be interpreted to mean that the prosecutor would request leniency in sentencing Petitioner and that the prosecutor failed to meet that expectation. However, the plea and sentencing transcripts show that the prosecutor agreed to dismiss several charges as part of the plea bargain and to ask for sentencing within the guidelines. The prosecutor dismissed the subject charges and asked for sentencing within the guidelines. Petitioner has failed to show that there were any unfulfilled promises of leniency. Accordingly, counsel was not ineffective in this regard. Petitioner has failed to establish that his appellate counsel was ineffective in failing to raise these issues on direct appeal. He, therefore, cannot show that the trial court's decision was contrary to or an unreasonable application of Supreme Court precedent.

Petitioner has failed to establish cause to excuse his procedural default, and his claims are barred unless he can establish that a constitutional error resulted in a fundamental miscarriage of justice. <u>Schlup v. Delo</u>, 513 U.S. 298 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. <u>Id.</u>. at 321. The petitioner must assert a constitutional error

13

along with a claim of innocence. To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." Id. at 327. The Court further explained this standard as follows:

> The . . . standard is intended to focus the inquiry on actual innocence. In assessing the adequacy of petitioner's showing, therefore, the district court is not bound by the rules of admissibility that would govern at trial. Instead, the emphasis on "actual innocence" allows the reviewing tribunal to consider the probative force of relevant evidence that was either excluded or unavailable at trial. . . . The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including . . . evidence tenably claimed to have been wrongly excluded or to have become available only after trial.
>
> . . . .
>
> . . . [A]ctual innocence does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. (internal quotation omitted).

Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty. Therefore, Petitioner's first, second, third, and fifth ineffective assistance of trial counsel claims are barred from consideration by procedural default.

### 2. Remaining Ineffective Assistance of Counsel Claim

Petitioner presents one ineffective assistance of trial counsel claim that is not procedurally defaulted. Petitioner claims that his attorney was ineffective by incorrectly

advising him that if he pleaded guilty, the "most serious charge" would be dismissed. Petitioner argues that this incorrect advice rendered his guilty plea involuntary and unknowing.

To be valid, a guilty plea must be voluntarily and intelligently made. Brady v. U.S., 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." Id. at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." Id. at 749. A guilty plea must be accompanied by "an affirmative showing that it was intelligent and voluntary." Boykin v. Alabama, 395 U.S. 238, 242 (1969). Such a showing is generally made by the State's production of the state court proceedings to establish that the plea was made voluntarily. McAdoo v. Elo, 365 F.3d1 487, 494 (6th Cir. 2004). "Because the decision to plead guilty ultimately rests with the client . . . counsel must ensure that the client's decision is as informed as possible." Lyons v. Jackson, 299 F.3d 588, 598 (6th Cir. 2002).

As discussed above, to establish ineffective assistance of counsel in guilty plea cases, a petitioner must show that counsel was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 58-59.

During the plea colloquy, the prosecutor described the plea agreement as follows: Petitioner would plead guilty to two counts of first-degree criminal sexual conduct (in file numbers A02-0796 and A02-0828), and the State would dismiss the remaining charges: unarmed robbery; assault with intent to commit sexual penetration (in file number A02-0828); assault with intent to commit sexual penetration (A02-0816); and unarmed robbery (A02-796); and recommend that the court not exceed the sentencing guidelines. Petitioner stated that he understood the agreement and that no promises were made to him other than what was stated on

the record.

Petitioner filed a motion to withdraw guilty plea arguing that his attorney had advised him that the plea bargain would result in dismissal of the most serious charge against him. Petitioner said that he unknowingly pleaded guilty to the two greater charges. Petitioner was represented by new counsel at the motion hearing. Petitioner produced a letter from the attorney who represented him at the plea hearing stating that the prosecutor agreed to dismiss "the most serious charge against you" and there are "two CSC cases pending." Tr., 11/18/2002, p. 6. Counsel further wrote that he would be visiting the Petitioner in jail soon to determine whether Petitioner wanted to "enter a plea to both of the CSC charges and have the most serious one dismissed involving the serious beating of the victim." Id. In response to a letter from Petitioner's new counsel, Petitioner's original trial counsel explained that his statement regarding the "most serious charge," referred to the charge involving a serious assault and beating of the victim rather than the criminal sexual conduct charges.

The trial court, the last state court to issue a reasoned opinion regarding this claim, denied the motion. The trial court reasoned as follows:

> The inquiry is, . . . when made on the basis of ineffective assistance of counsel, whether the defendant tendered the plea voluntarily and knowingly and understandingly.
>
> If-if there had not been a discussion in the courtroom at the time of the plea between the court and the defendant, I would think that the set of facts that defendant argues would be dispositive; and, clearly, it could not have been argued that he knowingly, understandingly tendered the plea.
>
> However, the court engaged in the required dialogue with the defendant and, after placing him under oath, asked him if he understood that the crimes that you're pleading guilty to are first-degree criminal sexual conduct and carry a possible penalty of up to life in prison.

> Moreover, he was informed and all parties indicated that they understood that there were not other agreements or understandings with which anybody undertook this plea hearing. There were no additional promises made to the defendant. He explained to the Court when it was . . . inquired of him, and he's also indicated that he could not indicate later that it was not his choice to do this if that someone in some way forced him to do it; and he had explained that he understood all that.
>
> Given those discussions, I'm satisfied that it is not reasonable to conclude that . . . he was uninformed or misinformed or that he was not knowingly and voluntarily engaging in this plea agreement. At the most, perhaps, a misinterpretation or a misunderstanding may have occurred when the phrase most serious was used by his attorney. However, it was clearly explained to him what the possible consequences were. Therefore, I'll deny the motion.

Tr., 11/18/02, pp. 13-15.

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding his understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

Ramos v. Rogers, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting* Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986)). In addition, if an attorney renders incorrect advice regarding a plea agreement, the plea is not involuntary if the trial court, prior to accepting the plea, clarifies the terms of the plea agreement. Id. at 565.

In this case, even if his attorney's advice regarding which charges would be dismissed was ambiguous, the trial court judge accurately advised Petitioner of the terms and consequences

17

of his plea agreement. The Court finds that the state court's finding that counsel was not ineffective and the plea was knowing and voluntary was not contrary to or an unreasonable application of Supreme Court precedent.

**IV.    Conclusion**

Petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States. Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel [Docket No. 17, filed on September 28, 2006] is **MOOT**.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: September 19, 2007


I hereby certify that a copy of the foregoing document was served upon counsel of record and Joseph K. White, Jr., Reg. No. 413633, Mound Correctional Facility, 17601 Mound Rd., Detroit, Michigan 48212 on September 19, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

18