# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH KANEM WHITE III,

        Petitioner,                  Case Number: 06-10187

v.                                          HON. DENISE PAGE HOOD

ANDREW JACKSON,

        Respondent.
                                        /

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY

Petitioner Joseph Kanem White, III, a state inmate currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On September 19, 2007, the Court denied the petition. Now before the Court is Petitioner's Motion for Certificate of Appealability.

Before Petitioner may appeal the Court's dispositive decision denying her petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

When a habeas applicant seeks permission to initiate appellate review of the dismissal of her petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is

satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . .if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In his habeas petition, Petitioner presented the following claims:

I. Petitioner was deprived of his Sixth Amendment right to receive effective assistance of appellate counsel on direct appeal where appellate counsel moved to withdraw the guilty pleas, but failed to produce essential facts to support his claim without available documents depriving Petitioner of his Sixth and Fourteenth Amendment rights.

II. Petitioner was deprived of his Fifth, Sixth, and Fourteenth Amendment rights to receive the effective assistance of counsel during a critical stage of the proceedings, where defense counsel misrepresented material facts, withheld information and exerted pressure on Petitioner to induce him to plead guilty to two counts of criminal sexual conduct, first degree under a promise of lenience that the prosecution would dismiss the most serious charge against him, which had Petitioner known the relevant defenses he would have insisted on going to trial.

III. Petitioner should be allowed to withdraw his guilty plea because it is rendered on ineffective assistance of counsel where Petitioner could not make an informed intelligent choice to plead guilty among alternative courses of action opened to him which violated his Sixth Amendment right to have effective assistance of counsel and deprived him of fundamental due process of law.

IV. Petitioner is entitled to the specific performance of his guilty [pleas], or be allowed to withdraw his pleas based upon ineffective assistance of counsel where counsel failed to object to the prosecutor's unfulfilled promises of leniency, nor advised him to withdraw the pleas when the recalculated fifty points which denied Petitioner of fundamental due process by increasing the punishment causing actual prejudice.

The Court held that Petitioner's first, second, third, and fifth claims were procedurally defaulted. The Court further held that Petitioner failed to establish cause and prejudice to excuse the default or that failure to consider the claims would result in a fundamental miscarriage of justice.

With respect to Petitioner's remaining claim, that his attorney was ineffective in incorrectly advising him that if he pleaded guilty, the "most serious charge" would be dismissed, the Court held that Petitioner was not entitled to habeas corpus relief. The Court found that, even if his attorney's advice regarding which charges would be dismissed was ambiguous, the trial court judge accurately advised Petitioner of the terms and consequences of his plea agreement. Thus, the Court held that the state court's finding that counsel was not ineffective and the plea was knowing and voluntary was not contrary to or an unreasonable application of Supreme Court precedent.

The Court finds that jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. The Court further determines that reasonable jurists would not find the district court's assessment of the claim that was not procedurally barred to be debatable or wrong.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 6, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 6, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager